SPIRES *et al.* *v.* THE STATE.

No. 7826. NOVEMBER 14, 1930.

*L. C. Harrell* and *Hal Lawson,* for plaintiff in error.

*George M. Napier, attorney-general, M. H. Boyer, solicitor-general, T. R. Gress, assistant attorney-general,* and *W. S. Mann,* contra.

BECK, P. J. ■ The court did not err in admitting in evidence a physical object, that is, the hat belonging to a witness who was testifying, one Lester Spires, who was cut in the same difficulty in which the decedent named in the indictment was killed by being cut and stabbed with knives and other sharp instruments, as alleged in the indictment, over the objection that the hat in question had not been properly identified and no proof made of where it came from or who had it; the witness, who was the owner of the hat, testifying that the hat offered in evidence was the one that he had on, and it appearing that the hat had a certain place on it where a cut with a knife was made; and further, that he had that hat on when he, the witness, was cut, that it had been at his home ever since, and had been brought to the trial by a person whom he named.

■ In the second ground of the amendment to the motion for a new trial are alleged certain facts to show that one of the jurors upon the panel that tried the defendants and which returned a verdict of guilty "was not a fair and impartial juror, but on the other hand was prejudiced against him; that the juror referred to, prior to his selection as a juror, had expressed the opinion that the defendants were guilty and should be punished." Affidavits to support the facts alleged in this ground were submitted at the hearing, and the State submitted counter-affidavits tending to disprove the facts alleged to show that the juror named was biased, prejudiced, and not impartial. It does not appear that the court abused his discretion in overruling this ground. With the evidence before him as set forth in the affidavits referred to, the question whether or not the juror had used the expressions attributed to him was for decision by the judge; and it not appearing that he abused his discretion, his judgment will not be interfered with.

■ The evidence was sufficient to authorize the verdict.

*Judgment affirmed. All the Justices concur.*