### WALLACE *v.* THE STATE.

No. 16450. JANUARY 11, 1949.

*E. Kiser Whatley Jr., G. A. Huddleston* and *Harris, Henson & Spence,* for plaintiff in error.

*Eugene Cook, Attorney-General, L. M. Wyatt, Solicitor-General, Myer Goldberg,* and *Rubye G. Jackson,* contra.

HEAD, Justice. ■ In ground 1 of the amended motion for new trial, it is contended that "a material allegation contained in the indictment, to wit, that the crime charged against the defendant, John Wallace, was committed in the County of Coweta, was not shown by competent evidence, or evidence of probative value, to

have been committed in Coweta County." It is contended that the State depended solely upon the testimony of the nonexpert witnesses, Steve Smith and Mrs. Merle Hannah, to establish that the crime was committed in Coweta County, as charged in the indictment. It is urged that, proof of venue being a material and controlling allegation in the indictment, it can not be established solely by opinion evidence of nonexperts, and that the verdict and judgment are therefore contrary to law, contrary to evidence, contrary to the overwhelming weight of the evidence, and without supporting evidence. The testimony of the nonexpert witnesses, Steve Smith and Mrs. Merle Hannah, together with the testimony of the three physicians, Dr. C. C. Elliott, Dr. George Kinnard, and Dr. J. D. Tribble, is fully set out and made a part of this ground.

In ground 2, error is assigned on the admission in evidence of the opinion of the witness, Steve Smith, that the blow inflicted upon the deceased by the defendant, as observed by the witness Smith, was sufficient to produce death.

In ground 3, error is assigned on the admission in evidence, over objection, of the testimony of the witness, Steve Smith, on cross-examination by the defendant's counsel, the question and answer being as follows: "[Q.] This is the first time you ever saw a man hit that hard, is it not? [A.] The first time I have ever seen one hit hard enough to kill him." It is contended that the answer of the witness was not responsive to the question, was a voluntary statement of the witness's conclusion, that the witness had detailed no facts or circumstances from which the jury could not reach a proper conclusion independently of the opinion of the witness, and that the evidence was harmful and prejudicial.

Grounds 4, 5, and 6 assign error on the admission in evidence of the testimony of the three physicians, Doctors Elliott, Kinnard, and Tribble, on the grounds that there was no basis for the witnesses' opinions, that it permitted an expert witness to predicate an opinion upon a hypothetical question which posed no premise, and that there was no basis upon which the witness could intelligently appraise the force of the alleged blow.

In ground 7, error is assigned on the admission in evidence, over objections, of the testimony of Mrs. Merle Hannah, in re-

sponse to the following question: "I will ask you, Mrs. Hannah, from what you saw, the condition of the man before he was struck, and the force of the blow with which he was struck, and after he was struck, state whether in your opinion that would cause his death." The response of the witness was: "In my opinion he was dead when he left Sunset." Counsel objected to the answer on the ground that it stated a conclusion, the witness had not qualified as an expert, the witness had detailed no facts or circumstances that could not be known and considered by the jury, the evidence objected to was material and controlling on an essential allegation contained in the indictment, was harmful and prejudicial, etc.

Ground 1 having attacked the sufficiency of the evidence relied upon by the State to prove the venue of the crime in Coweta County, and the following six grounds constituting assignments of error on the admission of the evidence relied upon to establish venue, these seven grounds are so closely related and connected that they may be considered together.

The first question for determination is whether or not the opinion evidence given by the nonexpert witnesses, Steve Smith and Mrs. Merle Hannah, would be admissible.

Except in those instances where the question to be determined is one of opinion, nonexpert witnesses may not as a general rule testify as to their opinions on the matter under investigation. There is an exception to this general rule. American Jurisprudence (Vol. 20, p. 640, § 769) states this exception as follows: "From very necessity testimony must occasionally be compounded of fact and opinion, so that exceptions and limitations upon the general rule that witnesses must testify to facts, and not opinions, have been found to be necessary to the due administration of justice; for example, expert witnesses who have skill, learning, or experience in a particular science, art, or trade may give an opinion in a proper case upon a given state of facts relating thereto. Exceptions to the rule that witnesses cannot give opinions are not confined to the evidence of experts testifying upon subjects requiring special knowledge, skill, or learning. *It has also been found necessary to admit a class of evidence from nonexpert witnesses, which is usually spoken of as 'opinion evidence,' where the facts as they. appeared to the witness cannot clearly*

*and adequately be reproduced, described and detailed to the jury."* (Italics ours.)

The "necessity rule" has long been recognized and applied by the courts of this State. In *Taylor v. State*, 135 *Ga.* 622 (6) (70 S. E. 237), it was held: "Where a witness has observed a matter in issue and from the nature of the circumstances he can not adequately state or recite the data so fully and accurately as to put the jury completely in the witness's place and enable them to equally well draw the inference, it is allowable for the witness to give his inference in connection with the facts upon which it is predicated; but if the data can be placed before the jury in such a way that they may draw the inference as well as the witness, then it would be superfluous to add by way of testimony the inference which the jury may well draw for themselves."

The rule stated in *Taylor v. State*, supra, was followed in *Shiver v. Tift*, 143 *Ga.* 795 (85 S. E. 1031, L. R. A. 1918 A, 622), where the rule was restated in the following language: "Opinions of witnesses not experts are sometimes admissible from necessity, and to prevent a failure of justice, as in questions of identity of persons, handwriting, distances, size, sounds, and the like. If the facts upon which the opinion is formed can be as well stated and described, they must be, and the jury left to form their own opinion; but where the subject-matter of the inquiry is such as can not be adequately described so as to enable the jury to form an opinion of their own, opinion testimony is permissible."

The two nonexpert witnesses in this case could not in any accurate view so describe the assault on the deceased as to place the jury in the witness's place. Words and gestures could not adequately convey to the jury the variety of circumstances of the assault, with the same force and clearness as they appeared to the witness. The impressions of the witness as to the seriousness of the assault on the deceased may have been based in part on inferences that only the witness could draw from details incapable of communication to the jury. Under the necessity rule, it was not error for the court to permit the jury to consider, along with the facts testified to by them, the opinions of the witnesses as to the seriousness of the injuries inflicted upon the deceased by the defendant in Coweta County. See *Lanier v. State*, 141 *Ga.* 19 (3) (80 S. E. 5); *Tanner v. State*, 163 *Ga.* 126 (7) (135 S. E. 917); *Barron v. Chamblee*, 199 *Ga.* 596 (34 S. E. 2d, 828).

The Code, § 38-1710, provides: "The opinions of experts, on any question of science, skill, trade, or like questions, shall always be admissible; and such opinions may be given on the facts as proved by other witnesses."

In *Central Railroad* v. *Senn,* 73 *Ga.* 711, it was held: "An expert may give his opinion without stating the reasons therefor, but one who is not an expert may give his opinion, accompanied with the reasons. It is a very general rule that, wherever an expert can give an opinion without the reasons, that one who is not an expert can give an opinion with the reasons." In *Travelers Ins. Co.* v. *Thornton,* 119 *Ga.* 456 (46 S. E. 678), it was said in part: "A physician could give an opinion on hypothetical facts, on what he had heard other witnesses testify in the case, or on facts discovered by his own investigation."

In this case, the physicians who testified had an opportunity to observe the defendant and form some opinion as to his probable physical strength. They likewise had an opportunity to see the shotgun used by the defendant in striking the deceased over the head, and to form an opinion as to the nature and seriousness of the resulting injury, the nonexpert witnesses having testified that the defendant apparently struck the deceased with all his strength. The facts testified to by the nonexpert witnesses, coupled with the facts observed by the expert witnesses, formed a proper basis for the hypothetical questions propounded to each of the physicians. No error is shown in the admission of the testimony of the nonexpert or expert witnesses, as attacked by the first seven grounds of the amended motion for new trial.

Having held that the evidence relied upon by the State to prove venue was properly admitted, the sufficiency of the evidence to fix venue in Coweta County must be determined. Admittedly, the deceased was killed by the defendant, and the undisputed evidence shows that the body of the deceased was destroyed by the defendant and his employees. The two employees of the defendant who assisted him in removing the body of the deceased from the well, and in conveying it to the place where it was later destroyed by fire, stated that it looked as if the back of the deceased's head was "knocked off." The evidence of the two nonexpert witnesses as to the force and effect of the blow on the deceased's head is in part, at least, supported by the testi-

mony of these employees of the defendant. The evidence offered by the State as to the extent and nature of the injuries inflicted upon the deceased by the defendant in Coweta County is not contradicted by any testimony for the defendant. The weight to be given the statement of the defendant was a question solely for the jury, and they, by their verdict, did not accept the version of the defendant, that he accidentally killed the deceased in Meriwether County. The testimony of the nonexpert and expert witnesses was sufficient to authorize the jury to find that the deceased came to his death as a result of the injuries inflicted upon him by the defendant in Coweta County.

■ Ground 8 assigns as error a remark of the trial judge during the cross-examination of the witness, Mrs. Merle Hannah. From this ground it appears that the following occurred: " '[Q.] You testified a while ago that he was going through the motion like he was beating him. [A.] I did say that. [Q.] Then a minute later you swore—changed it and said he was beating him. [A.] I did say that. [Q.] Why did you change it? [A.] You wanted me to, because you can't beat anybody without being in motion.' Whereupon, movant's counsel addressed the court and asked, 'Your honor, ask her to answer the question?' To which the court replied: 'I think her answer is all right.' " It is contended that the court's ruling amounted to an expression of his opinion as to the weight and sufficiency of the evidence and its probative value; that there was loud applause in the courtroom, which was calculated to adversely influence the jury against the movant; and that the court took cognizance of the demonstration with the following statements: "If that occurs one more time I will have to clear the courtroom. Don't let it happen again. If it does, I will clear the courtroom for the rest of the trial. Go ahead."

The statement of the court, "I think her answer is all right," reasonably construed, could only be interpreted to mean that the trial judge held the answer of the witness to be responsive to the questioning of counsel. It was not an expression of opinion as to what had, or had not been proved, and no injury is shown to the defendant by the remarks of the trial judge. The persons (two or three, as shown by the record) making the demonstration complained of were sufficiently rebuked by the statements of the court

that upon a similar occurrence the courtroom would be cleared. This ground of the amended motion does not require the grant of a new trial. See *Brown* v. *State*, 203 *Ga.* 218 (46 S. E. 2d, 160).

■ Grounds 9 and 10 complain of the admission in evidence, over objections, of certain photographs, on the grounds that they were not shown to have been made by persons competent and skilled in the operation of a camera in such manner as to bring about a correct result, and the identification of the photographs was insufficient in the absence of proof that they were made by persons skilled in the operation of a camera so as to bring about a correct result. In neither ground is it shown how, or in what manner, the evidence objected to was injurious to the defendant, and the grounds are otherwise incomplete. It was not error to overrule these grounds.

■ In ground 11 of the amended motion for new trial, it is contended that the court erred in admitting in evidence a handkerchief of what purported to be ashes, over the objection that that there was no testimony identifying either the handkerchief or the substance claimed to be ashes, that the chain of custody of the alleged ashes had not been established, the evidence was immaterial, illustrated no issue in the case, and was harmful and prejudicial to the defendant's case.

The uncontradicted evidence of the two witnesses, Robert Lee Gates and Albert Brooks, to the effect that at the instance and request of the defendant they assisted him in burning and destroying the body of the deceased, sufficiently established the fact that the body of the deceased was destroyed by the defendant. The witness for the State testified that the ashes were gathered at a place pointed out by Gates and Brooks, who had testified that the ashes from the pit where the body of the deceased was destroyed by fire were dumped by them in the edge of a stream. The evidence of the State's witness corroborated the testimony of the two witnesses, Gates and Brooks, only to the effect that ashes. were at the point where they testified the ashes might be found. This ground of the motion for new trial is without merit.

■ The evidence in this case is amply sufficient to support and sustain the verdict. *Judgment affirmed. All the Justices concur.*