## WALLACE *v.* THE STATE.

HAWKINS, Justice. John Wallace was jointly indicted with Herring Sivell, Henry Mobley, and Tom Strickland for the murder of Wilson Turner, and upon his separate trial Wallace was found guilty. He moved for a new trial, and on appeal to this court the judgment overruling his motion for a new trial was affirmed. *Wallace* v. *State,* 204 *Ga.* 676 (51 S. E. 2d, 395). Thereafter he presented an extraordinary motion for a new trial based upon three grounds: (1) That one of the jurors who served as a member of the jury which convicted the movant was disqualified to sit in the case, or to serve as a juror and trior of the issues in the case, for the reason that he had, prior to the date on which he was selected, made an open and public declaration "that if he was selected to serve on the jury that tried Wallace, that he, regardless of the evidence, would give Wallace the electric chair"; that therefore the juror's mind was not impartial as between the State and the accused, and he was wholly disqualified to serve as a juror in the case. This ground is supported by the joint affidavit of three named persons to the effect that they heard the juror make such a statement, and by the necessary supporting affidavits. The second and third grounds of the extraordinary motion for a new trial are based upon the affidavits of two other persons jointly indicted with the defendant, Her-

ring Sivell, and Henry Mobley, to the effect that after leaving Coweta County, where the State contends the mortal wound was inflicted upon the deceased, he was without any wounds, was active and rational, talking with these witnesses and the defendant, and smoking cigarettes in Meriwether County. It is the contention of the movant that this is newly available evidence in his behalf to substantiate his contention that the deceased came to his death in Meriwether County and not in Coweta County as alleged in the indictment; that this evidence became available to him for the first time after the disposition of his original motion for a new trial, because these two named witnesses on the trial and while seated on the witness stand claimed their constitutional privilege of declining to testify or answer any questions in the case on the ground that if they did so their testimony might tend to incriminate them, they being jointly indicted with the defendant, but in their affidavits they indicate a willingness to now testify should the movant be granted a new trial, since they have now been sentenced to life imprisonment. The affidavits of these two witnesses disclose that there was another person, one Tom Strickland, along with them at the time and on the occasion referred to by them in their affidavits. The record of the former trial discloses that the defendant knew that Tom Strickland could have given testimony to the same effect as that contained in the affidavits of the two alleged newly available witnesses, for, in his statement on the trial, he contended that Tom Strickland was with him and the deceased at all times referred to by these two witnesses, and at the time when the defendant claims Wilson Turner was killed by the accidental discharge of a gun in the hands of the defendant while those three were in Meriwether County and not Coweta County. The record of the former trial discloses that the defendant introduced no evidence in his behalf, but relied upon his statement.

The counter-showing made by the State to the extraordinary motion for a new trial is based upon the positive affidavit of the juror referred to in the first ground thereof that he had made no such statement as that attributed to him, and that he entered upon the trial of the case fairly and impartially and without bias or prejudice against the State or the defendant, and there are supporting affidavits as to the good character of this juror. As to the other grounds of the motion, the State introduced the affidavit of the Sheriff of Coweta County, to the effect that the joint defendant, Tom Strickland, was in his custody throughout the former trial, and was present and available at all times as a witness for the defendant had Strickland been called for. The movant in his extraordinary motion for a new trial makes no explanation of his failure to call and introduce the witness Strickland on the trial. *Held:*

1. There was no manifest abuse of discretion by the trial judge in overruling the first ground of the extraordinary motion for a new trial, based upon conflicting evidence as to the alleged disqualification of the juror therein referred to. *Tanner* v. *State,* 163 *Ga.* 121 (2) (135 S. E. 917); *Brown* v. *State,* 163 *Ga.* 684, 686 (6) (137 S. E. 31); *Spires* v. *State,* 171 *Ga.* 477 (155 S. E. 921); *Crawley* v. *State,* 151 *Ga.* 818 (108 S. E. 238).

2. Extraordinary motions for a new trial are not favored, and a stricter rule is applied to an extraordinary motion for a new trial based on the ground of newly available evidence than to an ordinary motion on that ground.

3. A party is bound, at his peril, to submit on the trial all competent evidence in his favor, and if he has knowledge of a fact at the trial, and it could have been proved then by evidence other than that which is claimed to be newly available since the trial, a new trial will not be granted because of such newly available evidence, where the movant makes no explanation of his failure to use or attempt to use the evidence at hand. *Norman* v. *Goode,* 121 *Ga.* 449 (49 S. E. 268); *Goodman* v. *State,* 122 *Ga.* 111 (5) (49 S. E. 922). See also *Burgess* v. *State,* 93 *Ga.* 304 (3) (20 S. E. 331).

*Judgment affirmed. All the Justices concur.*

No. 16742. September 13, 1949.

*E. Kiser Whatley Jr., G. A. Huddleston,* and *Harris, Henson & Spence,* for plaintiff in error.

*Eugene Cook, Attorney-General, Wright Lipford, Solicitor-General, Myer Goldberg,* and *Rubye G. Jackson,* contra.