## DAVIDSON *v*. THE STATE.

No. 17756. ARGUED FEBRUARY 11, 1952—DECIDED MARCH 10, 1952— REHEARING DENIED MARCH 25, 1952.

James E. Weldon, for plaintiff in error.

Eugene Cook, Attorney-General, Hugh C. Carney, Assistant Attorney-General, Wright Lipford, Solicitor-General, and Wyatt, Morgan & Sumner, contra.

WYATT, Justice. ■ It appears from the foregoing statement of facts that there is no merit in the general grounds of the motion for new trial.

■ Special grounds 1 and 2 complain because the judge failed to give to the jury in his charge the law of voluntary manslaughter as related to the doctrine of mutual combat. As will appear from the statement of facts in this case, if the contention of the State is true, the defendant was guilty of murder. If the contention of the defendant is true, it was justifiable homicide. There was no evidence of any mutual intent to fight. It was, therefore, not error to fail to charge this principle of law. See Smith v. State, 202 Ga. 851 (15) (45 S. E. 2d, 267); Jackson v. State, 201 Ga. 364 (39 S. E. 2d, 756); Benton v. State, 185 Ga. 254 (194 S. E. 166); and Bivins v. State, 200 Ga. 729 (38 S. E. 2d, 273).

■ Special ground 3 complains because, over the timely objection of the defendant, the State was allowed to prove by an undertaker that in his opinion the bullets which entered the body of the deceased caused his death. The objection was that the witness was not an expert and could not give his opinion. The witness, before expressing the opinion, gave a detailed statement of how many bullets entered the body, at what place on the body the bullets entered, and the course or range of the bullets, thus giving the facts upon which the opinion was based. "A non-expert witness who has observed certain marks on the lips and face of the dead body of an infant may give his opinion of their relation to the cause of death, after stating the facts." *Lanier* v. *State*, 141 *Ga.* 17 (3) (80 S. E. 5). "One who is not an expert or a practicing physician may, after describing the wound, give his opinion that it caused death." *Fudge* v. *State*, 190 *Ga.* 340 (2) (9 S. E. 2d, 259), and cases there cited. Whether or not this witness was an expert or non-expert witness, the evidence objected to was clearly admissible.

■ Special grounds 4 and 5 complain because the court, over timely objection of the defendant, allowed in evidence the shirt and underwear worn by the deceased at the time of his death. The contention is that the articles of clothing were not properly identified and had been washed, and, therefore, were not in the same condition as at the time of the shooting. The widow of the deceased positively identified the articles of clothing as being the ones worn by the deceased at the time of his death. She testified that they were turned over to her when removed from the body of the deceased; that she had them washed because they were bloody; and that "They have been in my constant possession ever since that time." This contention is clearly without merit. *Johns* v. *State*, 180 *Ga.* 187 (8) (178 S. E. 707); *Spires* v. *State*, 171 *Ga.* 477 (1) (155 S. E. 921); *Harris* v. *State*, 156 *Ga.* 582 (119 S. E. 519).

■ Special ground 6 complains because of the following occurrence: The attorney for the defendant propounded to a witness, the sheriff of the county, the question, "Were you informed on the night of May 4th, or right close thereafter, that there would be a crowd looking for Gus Davidson? I ask you if you got that information?" Prosecuting Attorney: "Information would

be hearsay." The Court: "I sustain the objection. He could state he received information, but cannot state what the information was. I sustain the objection."

The contention is that the sheriff was a witness for the State, and the defendant could not know what his answer would be, but the defendant had good reason to believe that the witness would answer that he did get information that large crowds were hunting for the defendant, and that this evidence would have been helpful to the defendant because the State had introduced evidence of flight. The trial court, under the ruling complained of, simply denied to the defendant the right to have the sheriff detail what other people had said to him. This kind of evidence would clearly have been hearsay and inadmissible under the provisions of Code § 38-301. It follows from what has been said above, there is no merit in any of the assignments of error.

*Judgment affirmed. All the Justices concur.*