**Marcus Wayne CHENAULT, Petitioner-Appellant,**

v.

**Leroy N. STYNCHCOMBE, Sheriff of Fulton County, Respondent-Appellee.**

No. 77-2501.

United States Court of Appeals, Fifth Circuit.

Oct. 3, 1978.

Randy Bacote, Atlanta, Ga., for petitioner-appellant.

Lewis R. Slaton, Dist. Atty., Carter Goode, Allen Moye, Asst. Dist. Attys., Atlanta, Ga., for respondent-appellee.

Before WISDOM, TJOFLAT and VANCE, Circuit Judges.

WISDOM, Circuit Judge:

Marcus Wayne Chenault appeals a district court order denying certain portions of his habeas corpus petition. We remand to the district court with instructions to dismiss the petition without prejudice so that Chenault may exhaust state remedies.

I.

On Sunday morning, June 30, 1974, Chenault attended services at Ebenezer Baptist Church in Atlanta, Georgia. During the service, Chenault shot Mrs. Martin Luther King, Sr., Deacon Edward Boykin, and Mrs. Jimmie Mitchell. Mrs. King and Mr. Boykin died from their wounds. On July 9, 1974, a Fulton County grand jury indicted the petitioner on two counts of murder and one count each of aggravated assault, of carrying a pistol without a license, and of carrying a concealed weapon. On September 12, 1974, a jury found the petitioner guilty of all charges. The jury imposed sentences of death on both counts of murder and a sentence of ten-years imprisonment on the aggravated assault count, which was to run consecutively with the death sentences. In addition, the trial judge imposed a one-year concurrent sentence on the count of carrying a pistol without a license and the count of carrying a concealed weapon. Chenault appealed, asserting sixteen errors. The Supreme Court of Georgia affirmed both his conviction and sentence. *Chenault v. State*, 1975, 234 Ga. 216, 215 S.E.2d 223. Chenault then instituted this federal habeas corpus proceeding, in which he presented the same errors he had asserted on his direct appeal.[1]

The district court denied relief on fourteen alleged errors, and this Court affirmed. *Chenault v. Stynchcombe*, 5 Cir. 1977, 546 F.2d 1191, *cert. denied*, 434 U.S. 878, 98 S.Ct. 231, 54 L.Ed.2d 158. The district court stayed consideration of enumerations of error fifteen and sixteen, which attacked the constitutionality of the Georgia death penalty statute and the imposition of the death sentence, pending determination by the Supreme Court on the constitutionality of the death penalty. On May 26, 1977, after the Supreme Court decisions in the 1976 death penalty cases,[2] the district court denied relief on enumerations of error fifteen and sixteen.

The petitioner contends that the district court erred in denying relief on enumerations of error fifteen and sixteen. In addition, during oral argument before this Court the petitioner made two new allegations of error. These contentions will be considered in turn.

II.

■ The district court properly denied relief on enumerations of error fifteen and sixteen. Enumeration of error fifteen contended that the Georgia death penalty statutes violate the constitutional prohibition against cruel and unusual punishment. In *Gregg v. Georgia*, 1976, 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859, the Supreme Court upheld the constitutionality of these Georgia statutes. Enumeration of error sixteen asserted that the petitioner's death sentence had been imposed in violation of Ga.Code Ann. § 27–2503, because the prosecutor introduced no evidence on aggravation of punishment at the sentencing stage of the trial, choosing instead to rely only upon evidence heard on the issue of guilt. Whether this statute requires the prosecutor to present additional evidence at the sentencing stage is a question of state law, which is not cognizable in a federal habeas

---

1. Georgia allows a person incarcerated under a sentence imposed by a State court to institute a habeas corpus proceeding. *See* Ga.Code Ann. § 50–127 (1977 Cum. Pocket Part). The petitioner has never attempted to obtain the writ of habeas corpus for the Georgia courts. In the district court, the respondent argued that the federal habeas corpus petition must be dismissed because the petitioner had failed to exhaust state remedies, as required under 28 U.S.C. § 2254. The district court determined that the petitioner had met the exhaustion requirement because on appeal the Supreme Court of Georgia had ruled upon every enumeration of error contained in the federal petition. The respondent has not renewed this exhaustion argument in this Court.

2. *Gregg v. Georgia*, 1976, 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859; *Proffitt v. Florida*, 1976, 428 U.S. 242, 96 S.Ct. 2960, 49 L.Ed.2d 913; *Jurek v. Texas*, 1976, 428 U.S. 262, 96 S.Ct. 2950, 49 L.Ed.2d 929; *Woodson v. North Carolina*, 1976, 428 U.S. 280, 96 S.Ct. 2978, 49 L.Ed.2d 944; *Roberts v. Louisiana*, 1976, 428 U.S. 325, 96 S.Ct. 3001, 49 L.Ed.2d 974.

proceeding.[3] Enumeration of error sixteen suggests no colorable federal constitutional claim.

## III.

During oral argument before this Court, the petitioner asserted that the trial judge's instructions to the jury during the sentencing stage of the trial about mitigating circumstances and the option to recommend mercy were constitutionally inadequate. The petitioner did not raise this issue in his appeal to the Supreme Court of Georgia or in his habeas petition in the district court. Furthermore, he has never attempted to raise it by filing a state habeas corpus proceeding under Georgia law. If the state habeas proceeding is available to him, the petitioner has failed to exhaust state remedies on this issue, as required by 28 U.S.C. § 2254.[4] Because it appears that the petitioner can avail himself of the state habeas procedure, this Court determines that the issue of the adequacy of sentencing instructions is not properly before us.

■ The Georgia courts appear willing to entertain habeas corpus proceedings challenging the imposition of the death penalty on federal constitutional grounds. *See, e. g., Ross v. Hopper*, 1977, 240 Ga. 369, 240 S.E.2d 850; Wilkes, *Postconviction Habeas Corpus Relief in Georgia : A Decade After the Habeas Corpus Act*, 12 Ga.L.Rev. 249, 258–59 (1978). Ga.Code Ann. § 50–127 (1977 Cum. Pocket Part) is the habeas provision applicable to persons, like the petitioner, imprisoned by virtue of a sentence imposed by a Georgia court. The statute allows the imprisoned person to assert that he has suffered a "substantial denial" of rights conferred by the United States Constitution. Ga.Code Ann. § 50–127(1). Except when the composition of a grand or traverse jury is challenged, federal consti-

tutional rights are not deemed to have been waived unless it is shown that the habeas petitioner "voluntarily, knowingly, and intelligently" participated in the "intentional relinquishment or abandonment of a known right or privilege". *Id.* Under this standard, it appears that the petitioner's failure to object to the sentencing instructions at trial did not operate as a waiver. Therefore, he may pursue the state habeas remedy if his objection implicates a "substantial denial" of a federal constitutional right.

■ In view of the two most recent Supreme Court death penalty decisions—*Lockett v. Ohio*, 1978, —— U.S. ——, 98 S.Ct. 2954, 57 L.Ed.2d 973, and *Bell v. Ohio*, 1978, —— U.S. ——, 98 S.Ct. 2977, 57 L.Ed.2d 1010—we conclude that the petitioner's objection does implicate a substantial denial of a federal constitutional right. In *Lockett* the plurality opinion of the Chief Justice, in which Justices Stewart, Powell, and Stevens joined, states that the Eighth and Fourteenth Amendments require that the sentencing judge or jury must be allowed to consider, as a mitigating factor, "any aspect of a defendant's character or record and any of the circumstances of the offense that the defendant proffers as a basis for a sentence less than death". —— U.S. at ——, 98 S.Ct. at 2965. See *Bell*, —— U.S. at ——, 98 S.Ct. 2977 (applying *Lockett*). The plurality would apply this requirement in all cases except perhaps where a mandatory death sentence is needed to deter certain kinds of homicide. See *Lockett*, —— U.S. at —— & n.11, 98 S.Ct. 2954. Justice Marshall, although still adhering to his view that capital punishment is always unconstitutional, appears to have suggested that the sentencer must be allowed to consider "the unique individuality of every criminal defendant". *Lockett*, —— U.S. at ——, 98

---

**3.** In the petitioner's direct appeal, the Supreme Court of Georgia held that the prosecutor was not required to present additional evidence at the sentencing stage of the trial. *Chenault v. State*, 234 Ga. at 224–25, 215 S.E.2d at 229.

**4.** There are many cases that state that a state prisoner may not pursue federal habeas corpus unless he has raised his issues in a state habeas

proceeding. Recent Fifth Circuit cases to this effect are: *Mosley v. Smith*, 5 Cir. 1973, 470 F.2d 1320, *cert. denied*, 1973, 412 U.S. 932, 93 S.Ct. 2757, 37 L.Ed.2d 160; *Brookins v. Florida*, 5 Cir. 1972, 461 F.2d 663; *Pebworth v. Henderson*, 5 Cir. 1970, 428 F.2d 789; *Wheeler v. Beto*, 5 Cir. 1969, 407 F.2d 816.

S.Ct. at 2973 (Marshall, J., concurring in the judgment). Justice Brennan did not participate in either decision. He has, however, consistently maintained that the death penalty is always unconstitutional. *See, e. g., Coker v. Georgia*, 1977, 433 U.S. 584, 600, 97 S.Ct. 2861, 53 L.Ed.2d 982 (Brennan, J., concurring in the judgment).

It now seems, therefore, that a death sentence imposed by a sentencer barred from considering mitigating circumstances will be vacated by a six-member majority of the Supreme Court—the plurality in *Lockett* and *Bell* and Justices Brennan and Marshall. This constitutional requirement to allow consideration of mitigating circumstances would have no importance, of course, if the sentencing jury is unaware of what it may consider in reaching its decision. We read *Lockett* and *Bell*, then, to mandate that the judge clearly instruct the jury about mitigating circumstances and the option to recommend against death. Thus, the petitioner's contention that the sentencing instructions given by the trial judge were not adequate on this point does implicate a substantial denial of a federal constitutional right. Should he file a state habeas petition raising this contention, the state courts would be required, in light of *Lockett* and *Bell*, to determine whether the instructions given adequately comport with the United States Constitution.

### IV.

■ Georgia law provides that, in a capital case, a prospective juror who is opposed to the imposition of the death penalty under any circumstances is automatically removed by the trial judge "for cause". Ga.Code Ann. §§ 59–806(4), 59–807. *See Eberheart v. State*, 1974, 232 Ga. 247, 250–51, 206 S.E.2d 12, 15–16, *vacated on other grounds*, 1977, 433 U.S. 917, 97 S.Ct. 2994, 53 L.Ed.2d 1104, *modified*, 239 Ga. 407, 238 S.E.2d 1. During oral argument before this Court, the petitioner contended that this use of a so-called "death-qualified jury" violated the Georgia Constitution's guarantee to a "trial by an impartial jury". Ga.Code Ann. § 2–105 (Const.1945). That is clearly an

issue of state law, which is not cognizable in a federal habeas corpus proceeding.

The petitioner can obtain no relief even if his contention were recast as an argument that the death-qualified jury provision violates his right to a jury trial guaranteed by the Sixth and Fourteenth Amendments of the Constitution. First, this issue is not properly before this Court, because the petitioner has failed to exhaust state remedies on this issue, as required by 28 U.S.C. § 2254. He did not present the issue on his appeal to the Supreme Court of Georgia, and he has not raised it by filing a state habeas proceeding under Ga.Code Ann. § 50–127. Second, in the recent case of *Spinkellink v. Wainwright*, 5 Cir. 1978, 578 F.2d 582, a panel of this Court held that a death-qualified jury procedure does not violate the constitutional right to a jury trial. Thus, this Court would be required to reject the petitioner's argument if we had jurisdiction over this issue.

### V.

In summary, we affirm the decision of the district court that the petitioner's enumerations of error fifteen and sixteen are without merit. We find that his challenges to the sentencing instructions and to the death-qualified jury are not properly before this Court because he has failed to exhaust state remedies. We remand the case to the district court with instructions to dismiss the petition without prejudice so that the petitioner may pursue state remedies for these contentions.

AFFIRMED and REMANDED.