## 33988. McCORQUODALE v. THE STATE.

UNDERCOFLER, Presiding Justice.

McCorquodale was convicted of murder and sentenced to death. We affirmed in *McCorquodale v. State,* 233 Ga. 369 (211 SE2d 577) (1974). Subsequently, we affirmed denial of habeas corpus in *McCorquodale v. Stynchcombe,* 239 Ga. 138 (236 SE2d 486) (1977). The United States Supreme Court denied certiorari in both of these cases, and following remittitur by this court a rule nisi issued from the Superior Court of Fulton County to show cause why execution should not be carried out. McCorquodale now appeals the denial of his extraordinary motion for new trial[1] and motion for rehearing made at that time, contending both of the eyewitnesses against him — Bonnie Johnson (Succraw)

---

[1] We do not reach the issue of whether or not an extraordinary motion for new trial is appropriate here,

and Linda Dearing — made a "deal" with the state in which they gave their sworn testimony in exchange for immunity from indictment and prosecution. He contends this alleged "deal" was not revealed to the judge, the accused and his attorney, or to the jury and constituted a substantial denial of his constitutional rights to a fair trial and to due process. Appellant acknowledges the only direct evidence supporting his contention is the failure of the state to indict either of the women during the four and one-half years since the trial.

1. Appellant failed to prove the existence of a grant of immunity to the two eyewitnesses by the state in exchange for their testimony. At the hearing on the motion for new trial, Bonnie Johnson (Succraw), Linda Dearing and other witnesses produced by appellant specifically denied that an agreement was made. A review of the evidence introduced at the original trial and during this hearing on the extraordinary motion shows the two women were intimidated by appellant during the assault upon the victim and that McCorquodale told Linda Dearing in the presence of Bonnie Succraw that they could expect the same treatment if they attempted to leave. Under these circumstances, the state could have reasonably determined there was insufficient evidence to warrant indictment and prosecution of the two girls as co-conspirators to murder, and their subsequent eyewitness testimony would not be subject to attack on the grounds that material evidence was suppressed or that evidence affecting their credibility was nondisclosed. United States v. Agurs, 427 U. S. 97 (96 SC 2392) (1975).

2. There is also no merit in appellant's contention that the jury was denied the benefit of information that these state witnesses had not been charged in the crime when passing upon the issue of aggravation or mitigation. Counsel for appellant not only knew the women were not being charged before trial, but introduced knowledge of this information in mitigation during his closing argument to the jury at the conclusion of the

granting considerable latitude in this capital case. See *Wallace v. State,* 205 Ga. 751, 753 (2) (3) (55 SE2d 145) (1949).

guilt-innocence phase of the trial. There he stated, ". . . *You'll find nobody else on trial but Timothy Wesley McCorquodale. Only him being charged.*" (Emphasis supplied.) Though these women could have been charged with a misdemeanor for concealing the death of the victim, the evidence shows any participation in the assaults was under duress and also shows they did not participate in the murder of Donna Marie Dixon.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 18, 1978 — DECIDED OCTOBER 17, 1978 —
REHEARING DENIED NOVEMBER 7, 1978.

*Robert L. Ridley, Louise T. Hornsby,* for appellant.
*Arthur K. Bolton, Attorney General, Lewis R. Slaton, District Attorney, H. Allen Moye, Assistant District Attorney,* for appellee.

*Judgment affirmed. All the Justices concur.*

