Timothy Wesley McCORQUODALE,
Petitioner-Appellant,

v.

Ralph KEMP, Warden,
Respondent-Appellee.

No. 84–8414.

United States Court of Appeals,
Eleventh Circuit.

Sept. 8, 1987.

John Myer, Atlanta, Ga., for petitioner-appellant.

Mary Beth Westmoreland, Asst. Atty. Gen., Atlanta, Ga., for respondent-appellee.

Before BODBOLD, KRAVITCH and HATCHETT, Circuit Judges.

PER CURIAM:

This is McCorquodale's second federal habeas corpus petition.[1] The petition rais-

1. McCorquodale received the death sentence in Fulton County, Georgia for the murder of Donna Marie Dixon on April 12, 1974. The Georgia Supreme Court affirmed, 233 Ga. 369, 211 S.E.2d 577 (1974), and the United States Supreme Court denied certiorari. 428 U.S. 910, 96 S.Ct. 3223, 49 L.Ed.2d 1218 (1976).

McCorquodale filed his first state habeas petition on October 28, 1978. The petition was denied and the Georgia Supreme Court af-

es three claims: that the sentencing phase jury instructions were constitutionally deficient, that the death penalty is discriminatorily applied in Georgia, and that trial counsel was ineffective during the voir dire at trial. The district court dismissed each of these claims under Rule 9 of the Rules Governing § 2254 Cases. McCorquodale only presses his first two claims on this appeal. We need not decide whether the claim of discriminatory application of the death penalty was properly dismissed on Rule 9 grounds in light of the rejection of this claim in *McCleskey v. Kemp,* — U.S. ——, 107 S.Ct. 1756, 95 L.Ed.2d 262 (1987). We hold that the district court did not err in dismissing the jury instruction claim as an abuse of the writ and, therefore, affirm the judgment denying relief.

■ Under Rule 9(b), a federal habeas court does not consider a claim raised for the first time in a successive habeas corpus petition if the failure to raise the claim in a prior petition earlier was the result of an abuse of the writ. If the state alleges abuse of the writ, the burden is on the plaintiff to rebut this contention. *Witt v. Wainwright,* 755 F.2d 1396, 1397 (11th Cir. 1985). The district court found that McCorquodale had not met his burden to establish that the failure to raise the jury instruction claim in his first federal petition was not cause for dismissal under Rule 9(b).

■ McCorquodale challenges the sentencing instruction given to the capital jury on the grounds that it "failed to properly instruct the jury . . . on the role which mitigating evidence should play and that they could impose life sentence even if they found a statutory aggravating circumstance beyond a reasonable doubt." Petition for Writ of Habeas Corpus at 9–10. He asserts that similar instructions have been condemned in this court in a line of cases beginning with *Spivey v. Zant,* 661 F.2d 464 (5th Cir.1981). Although *Spivey* was decided after McCorquodale's first petition was filed, this is not a "new law" claim based on legal principles not reasonably known until after the first federal habeas petition. McCorquodale's first petition was filed on January 17, 1979. At the latest, this jury instruction claim was available to habeas counsel three and a half months earlier, after the Fifth Circuit decision in *Chenault v. Stynchcombe,* 581 F.2d 444 (5th Cir. October 3, 1978).[2] The court in that case asserted the exact legal principle upon which McCorquodale now seeks to rely: "We read *Lockett* [*v. Ohio,* 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (July 3, 1978)] and *Bell* [*v. Ohio,* 438 U.S. 637, 98 S.Ct. 2977, 57 L.Ed.2d 1010 (July 3, 1978)] . . . to mandate that the judge clearly in-

firmed. 239 Ga. 138, 236 S.E.2d 486 (1974). Again the U.S. Supreme Court denied certiorari. 434 U.S. 975, 98 S.Ct. 534, 54 L.Ed.2d 467 (1977). He then filed an "extraordinary motion for a new trial" in the Fulton County court. The motion was denied, and the Georgia Supreme Court affirmed. 242 Ga. 507, 249 S.E.2d 211 (1978).

McCorquodale filed his first federal habeas corpus petition on January 17, 1979 in N.D. Georgia. The district court dismissed petition on October 21, 1981. 525 F.Supp. 408 (N.D.Gal. 1981). This court reversed, 705 F.2d 1553 (11th Cir.1983), but the court en banc affirmed the district court. 721 F.2d 1493 (11th Cir.1983) (en banc). The U.S. Supreme Court denied certiorari on April 23, 1984, 466 U.S. 954, 104 S.Ct. 2161, 80 L.Ed.2d 546 (1977), and 12 days later McCorquodale filed with that court a petition for rehearing and an application for suspension of the effect of the order denying the petition for writ of certiorari.

In May 1984 a new date was set for McCorquodale's execution. A successor state habeas petition was filed in Butts County and dis-

missed. The Georgia Supreme Court denied McCorquodale a certificate of probable cause to appeal.

On May 18, 1984 McCorquodale filed his second federal habeas corpus petition in N.D. Georgia. The district court dismissed this petition on abuse of the writ grounds. A motion for a stay of execution and application for a certificate of probable cause for appeal were filed with this court.

Before this court acted, the U.S. Supreme Court on May 21 granted the requested stay of execution and application for suspension in McCorquodale's first federal petition. On September 5, 1984 this court granted a certificate of probable cause in the second petition. In February 1985, the U.S. Supreme Court again denied certiorari in the first federal petition. 470 U.S. 1024, 105 S.Ct. 1386, 84 L.Ed.2d 405 (1985).

**2.** The Eleventh Circuit, in the in banc decision *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

struct the jury about mitigating circumstances and the option to recommend against death." 581 F.2d at 448.

Because the jury instruction challenge is not a new law claim, we turn to McCorquodale's other proffered justifications for the failure to raise this claim in his first federal habeas petition. He asserts that his first petition "was filed by counsel who ... had never 'consciously' identified the claims." Appellant's Brief at 16. The district court noted the testimony of McCorquodale's habeas counsel that "he did not go back and review the McCorquodale trial transcript to see if the trial judge's sentencing instructions could be faulted based on the rationale of the *Chenault* decision." District Court Opinion at 6. We conclude that the district court did not err in finding that this does not meet the petitioner's burden of establishing that a Rule 9(b) dismissal is inappropriate.

McCorquodale also seeks to excuse the failure to raise this claim in the first petition because it had not then been exhausted in the state courts. McCorquodale's counsel testified that he understood his charge in the federal habeas corpus proceeding to be to take to federal court those issues that already had been exhausted in the state courts. McCorquodale now argues that the failure to bring available but unexhausted claims to federal court on a first habeas petition was not abusive in light of exhaustion law at the time. He points to the en banc Fifth Circuit decision in *Galtieri v. Wainwright*, 582 F.2d 348 (5th Cir.1978), which required the dismissal of habeas petitions that include unexhausted as well as exhausted claims.

■ McCorquodale thus seeks to justify his counsel's failure to examine the record for available but unexhausted claims because he did not want to bring a mixed petition which would have been dismissed. This is not a justification. Rule 9 reflects the strong federal policy against piecemeal adjudication of federal habeas claims. This is the ground on which the new Fifth Circuit sitting en banc rejected an argument, similar to that raised here, that there was no abuse in failing to raise unexhausted claims in a first federal habeas petition. *Jones v. Estelle*, 722 F.2d 159 (5th Cir. 1983), *cert. denied*, 466 U.S. 976, 104 S.Ct. 2356, 80 L.Ed.2d 829 (1984). The court held that

> a petitioner who has persisted in the prosecution of a federal writ while aware of additional but then unexhausted claims faces the hurdle of disproving abuse when in a successive petition he presents the omitted claims. While a petitioner may have an excuse for the omission, such as newly found facts or changes in the law, that the omitted claim was not then exhausted is alone not enough. To hold otherwise would be to present his claims one by one to a federal court by exhausting them one by one in the courts of the state.

*Id.* at 169 (footnote omitted). *See also Rudolph v. Blackburn*, 750 F.2d 302, 305 (5th Cir.1984) ("Rudolph's sole excuse for not having raised this *Brady* claim in his first federal petition is that it was an unexhausted claim"; abuse found).[3]

■ The insufficiency of this second proffered excuse is apparent from an examination of *Galtieri* itself. That case

---

**3.** In one case involving previously unexhausted claims, the Fifth Circuit found no abuse. *Paprskar v. Estelle*, 612 F.2d 1003 (5th Cir.), *cert. denied*, 449 U.S. 885, 101 S.Ct. 239, 66 L.Ed.2d 111 (1980). *Paprskar* does not, however, stand for the proposition that abuse of the writ cannot be found merely because the omitted claims were not exhausted at the time of the first petition. We agree with the interpretation that the new Fifth Circuit in *Jones* has placed on *Paprskar*:

> We do not read *Paprskar* as engrafting on the equitable concepts of writ abuse a fixed rule that 9(b) applies only to omitted exhausted claims. There is no suggestion that Paprskar was chargeable with knowledge of his omitted

claims at the time of his first writ. Indeed the refusal to find writ abuse in *Paprskar* is largely explained by the equitable tug of his fruitlessly urging counsel to raise an ineffective assistance of counsel argument. But more to the point, neither *Paprskar* nor *Galtieri* faced the question of a petitioner who *is* chargeable with abuse and whose only excuse is a failure to have exhausted the omitted claims, a failure equally unexplainable.

722 F.2d at 168. McCorquodale, on the other hand, *is* chargeable with knowledge of the claim at the time of his first writ in light of *Chenault*. He also offers no explanation for his failure to exhaust the *Chenault* claim before filing the first federal petition.

makes it clear that the rule is that a mixed petition is to be dismissed by a federal district court without prejudice. *See* 582 F.2d at 355. The court also notes that the failure to raise a claim, even an unexhausted one, may cause the petitioner Rule 9 problems. *Id.* at 357.[4] Putting these two items together, the message of *Galtieri* to a lawyer in the position of McCorquodale's habeas counsel was that the appropriate course of action was to exhaust all available claims and then bring them to federal court at the same time rather than risk the chance that Rule 9 would bar later consideration of a claim on the merits. The lack of exhaustion at the time of the first petition does not change the determination that the failure to review the state record at the time of the filing of the federal petition was an abuse of the writ.

AFFIRMED.

---

**4.** *Galtieri* refers to both parts of Rule 9: "To the extent that [a petitioner] withholds a claim, whether exhausted or not, from his habeas petition, he runs the risk of a rule 9(a) laches defense. If the petitioner does not assert an already exhausted claim in his first petition, he runs the additional risk of a rule 9(b) dismissal." *Id.*