## 33419. MAYNOR v. THE STATE.

Hill, Justice.

The jury found the defendant guilty of murder and he was sentenced to life in prison. On appeal he urges that the trial court erred in sustaining the prosecutor's objection to defense counsel's question to the defendant concerning whether the victim previously had tried to pick fights with the defendant.

The jury was authorized from the evidence to find that the victim was the defendant's uncle, that on the night in question the defendant came to his grandmother's house where the victim lived, that the defendant and the victim had a fight which started in the house as a fistfight and shoving contest and ended outside with the defendant using a pool cue or pipe and the victim using a porch chair to defend himself, that the defendant went to a house across the street where he obtained a butcher knife, and that about 20 minutes later he entered the victim's house by the back door and stabbed the victim three times. An eyewitness to the stabbing testified that the victim was unarmed and although the victim had been drinking he did not threaten the defendant at the time of the stabbing.

The defendant testified that the victim had a reputation in the community for being a heavy drinker and for being violent when he was drinking. Defense counsel then asked if the victim previously had tried to pick fights with the defendant, the prosecution objected, and the court sustained the objection. The defendant testified that he stabbed the victim to protect himself and in self-defense.

The defendant acknowledges the rule that where the

deceased's general character is admissible, his character for violence cannot be established by specific acts. *Black v. State,* 230 Ga. 614 (3) (198 SE2d 314) (1973); *Jordan v. State,* 232 Ga. 749 (1) (208 SE2d 840) (1974); *Henderson v. State,* 234 Ga. 827, 828-829 (218 SE2d 612) (1975). He urges, however, that proof of separate and distinct similar offenses by the defendant is admissible to show the intent, malice, motive, plan, scheme or bent of mind of the defendant. *Hunt v. State,* 233 Ga. 329 (211 SE2d 288) (1974); *Campbell v. State,* 234 Ga. 130, 131 (214 SE2d 656) (1975). He argues that since proof of prior specific acts of the defendant is admissible to prove plan, malice and intent, proof of prior specific acts of the victim should be admissible to prove plan, malice and intent where the defendant claims self-defense and the defendant's evidence shows that it was the victim who was the aggressor.

We do not reach the merits of this argument here because the defendant has not produced evidence on which his argument is founded, namely that the victim was the aggressor at the time of the stabbing. Cf. *Shaw v. State,* 241 Ga. 308 (1978).

The threshold rule is that the character of the victim (general or specific) is inadmissible unless it is shown prima facie that the deceased was the assailant, that the defendant was being assailed, and that the defendant was honestly seeking to defend himself. *Curtis v. State,* 241 Ga. 125 (1978); *Black v. State,* supra. The evidence in the case before us did not make out the prima facie showing required at the outset that the deceased was assailing the defendant at the time of the stabbing and hence evidence of the character of the victim (whether general or specific) was inadmissible.

Before proof of prior specific acts of the defendant becomes admissible to prove plan, etc., it is necessary for the state to prove that the prior acts and present crime are similar. *Hunt v. State,* supra; *Campbell v. State,* supra. Before proof of prior acts of the victim's assaults upon the defendant could become admissible to prove the victim's plan, etc., it will be necessary for the defendant to prove a present assault. *Curtis v. State,* supra.

The error enumerated does not show ground for

reversal.

*Judgment affirmed. All the Justices concur.*

SUBMITTED APRIL 10, 1978 — DECIDED APRIL 18, 1978.

*Ashman & Zipperer, Charles R. Ashman,* for appellant.

*Andrew J. Ryan, III, District Attorney, Joseph D. Newman, Assistant District Attorney, Arthur K. Bolton, Attorney General,* for appellee.