## 35547. MUSIC v. THE STATE.

MARSHALL, Justice.

The jury found the defendant guilty of murder, and he was sentenced to life in prison. On appeal, his sole enumeration of error is that the trial judge erred in denying his motion for new trial on the ground that he should have been allowed to prove previous, specific acts of violence of the victim against persons other than the appellant showing the same type of violence that was threatened against him, for the purpose of showing that the victim had a long reputation for acts of a like nature.

1. Even assuming that the evidence in this case was sufficient to make a prima facie showing that the unarmed victim was assailing the defendant at the time of the shooting, so as to make evidence of the character of the victim admissible (*Maynor v. State,* 241 Ga. 315, 316 (245 SE2d 268) (1978) and cits.), "where the deceased's general character is admissible, his character for violence cannot be established by *specific acts.*" (Emphasis supplied.) *Maynor v. State,* supra, p. 315 and cits. In *Henderson v. State,* 234 Ga. 827 (1) (218 SE2d 612) (1975), cited by the appellant, although this court held that the defendant should have been allowed to show the *general* reputation for shooting people, the court nevertheless excluded *specific acts* of violence to show that general reputation.

The trial judge properly limited the evidence to general reputation, excluding specific acts of violence, and properly denied the motion for new trial on this ground.

2. The appellant has filed in this court a "motion for extraordinary relief," alleging the discovery by his attorney of certain unspecified newly-discovered evidence, allegedly discovered after the motion for new trial was overruled, but before the time for filing the notice of appeal to this court had expired. It is alleged that "in order for equity and justice to prevail, the supreme court should remand the case to the trial court for further hearing on appellant's motion for new trial," and that "his attorney could not petition the trial court due to the running of the 30-day limitation period on the filing of the

notice of appeal."

We consider the motion to be one in the nature of an extraordinary motion for new trial upon the ground of newly-discovered evidence. Such motion is not properly made initially in the appellate court, which is for the correction of errors from the trial court. Even when it is properly filed in the trial court, moreover, it is not favored by the law, is addressed to the sole discretion of the trial judge ( *Bradley v. Bradley*, 232 Ga. 717, 718 (208 SE2d 817) (1974) and cits.), and must satisfy the court of the six conditions set out in *Emmett v. State*, 232 Ga. 110, 117 (7a) (205 SE2d 231) (1974) and cit.

Even if the motion be considered merely as one to remand the case to the trial court for the motion to be heard, or a motion to be formally made, a sufficient showing has not been made to authorize the delay of remanding. Absent a showing of what the newly-discovered evidence was, and an allegation of the other five conditions set forth in *Emmett v. State,* supra, the merely conclusory allegation, that the evidence "is of such a nature that it will, in all probably [sic], result in a different ruling on appellant's motion for new trial in the trial court," does not change our decision. See *Waye v. State,* 239 Ga. 871, 874 (1) (238 SE2d 923) (1977). Moreover, it appears that the alleged newly-discovered evidence was discovered before the time for the filing of the notice of appeal had expired; hence, the appellant could have filed an extraordinary motion for new trial in the trial court. Even if this would not have tolled the time for the filing of the notice of appeal under Code Ann. § 6-803(a) (Ga. L. 1965, pp. 18, 21; 1966, pp. 493, 496; 1968, pp. 1072, 1077), the trial judge might have granted an extension of time for the filing of the notice of appeal, if necessary in order to rule on the extraordinary motion for new trial. Code Ann. § 6-804 (Ga. L. 1965, pp. 18, 21). Furthermore, even if a notice of appeal is filed before an extraordinary motion for new trial is filed, the disposition of the appeal will not be res judicata as to the issues raised by the subsequently filed motion.

Accordingly, the motion for extraordinary relief is denied.

*Judgment affirmed. Nichols, C.J., Undercofler, P.J.,*

834

*Jordan, Hill and Bowles, JJ., concur.*

SUBMITTED OCTOBER 26, 1979 — DECIDED DECEMBER 5, 1979.

*James C. Abernathy,* for appellant.
*Glenn Thomas, Jr., District Attorney, Arthur K. Bolton, Attorney General, Mary Beth Westmoreland, Staff Assistant Attorney General,* for appellee.