## 60123. COLVIN et al. v. THE STATE.

DEEN, Chief Judge.

The defendants Colvin and Law were jointly indicted for murder and convicted of manslaughter. The evidence on the trial showed that on the day of the homicide they had driven around in Colvin's truck drinking beer and had passed the house of the victim Williams, whose divorced wife Colvin had been dating, on four or five occasions. Law, driving Colvin's truck, went to Law's father's home and procured a rifle for the ostensible purpose of going hunting. He then drove to the Williams house and stopped in front of it with motor running; Williams came out and approached the truck (knife in hand, according to the defendants; hands in the air according to eyewitnesses), and Colvin shot him three times through the chest. Law gunned the motor and the truck departed at high speed. The rifle was thrown from the cab by Colvin. Law, attempting to drive off the road to pass a line of cars, broke the truck axle. This appeal follows the conviction and the overruling of defendants' motion for new trial. *Held:*

1. It appears from affidavits attached to the motion for new trial that during the period between arrest and trial the defendant Law was asked to obtain information for police officers in drug cases completely unrelated to the murder charge, Law swearing that he did in fact act as an undercover agent for the police on their promise to help him "work a better deal" in this pending indictment, that they did question him concerning the death of Williams, and that they forbade him to tell his attorney of his undercover activities. Such conduct is, of course, totally reprehensible and if there is the slightest doubt that it could have had any relation to the trial, a reversal as to Law would be forthcoming as an unconstitutional deprivation of the defendant's constitutional right to a fair trial and the effective assistance of counsel. The cases cited are Caldwell v. United States, 205 F2d 879; Black v. United States, 385 U. S. 26, and O'Brien v. United States, 386 U. S. 345. In each case, either by wiretapping or as an undercover agent, government sources insinuated themselves into and obtained information about confidential conversations between the defendant and his attorney, which information was or might have been used in the case on trial to the defendant's detriment. No such situation obtains here. Further, there is not the slightest indication that Law gave the officers any information detrimental to his or Colvin's case, and no indication that the attorney's ignorance of Law's information to the officers had any relation to his representation of this defendant. Clearly, such conduct, if and when it occurs, can be controlled in other ways but where the defendant's fair-trial rights are not impinged the grant of a new trial has no relation to the problem involved, nor was it error, on hearing the motion for a new trial, to refuse to allow further oral testimony in support of the affidavits.

2. Only in the event of murder where the state insists on the death penalty may one of joint defendants elect to sever as a matter of right; otherwise severance is in the discretion of the trial court. Code § 27-2101. To successfully allege error on the trial court's refusal to sever in other cases an abuse of discretion must be shown. *Orkin v. State,* 236 Ga. 176 (6) (223 SE2d 61) (1976). The fact that the co-defendants' positions may be antagonistic to each other does not of itself require a severance. *Cain v. State,* 235 Ga. 128, 129 (218 SE2d 856) (1975); *Birge v. State,* 143 Ga. App. 632 (3) (239 SE2d 395) (1977). Law contends basically that since Colvin did the shooting in what the jury could find was a heinous manner Law was prejudiced merely by being tried with him. However, the facts that Law had provided the rifle, that Law was driving the truck, and that Law drove past the house several times and sat with motor running while Colvin

fired the shots require a conclusion that any adverse interpretation of his conduct is due to his own actions. There was no abuse of discretion.

3. It is well settled that photographs of the victim may, when properly identified, be introduced in evidence to support oral testimony of the identity, wounds, and physical location of the body. *Mize v. State,* 240 Ga. 197 (240 SE2d 11) (1977); *Lingerfelt v. State,* 231 Ga. 354 (201 SE2d 445) (1973).

4. Appellants complain that the trial court failed to give in charge the law of mutual combat. No request to charge on this subject appears in the record. As to the evidence, for true mutual combat, which would reduce the act from murder to manslaughter, to exist, it must appear that there was a readiness and intention on the part of both parties to engage in immediate conflict with each other. "[F]ighting to repel an unprovoked attack is self-defense and is authorized by the law, and should not be confused with mutual combat." *Odom v. State,* 106 Ga. App. 60, 62 (126 SE2d 472) (1962). Self-defense was in fact included in the jury instructions. The defendants' position at trial was that the victim advanced upon them with a knife as they were sitting in the truck. Colvin claimed that because of this he was forced to shoot in self-defense. Law claimed he did not drive on before the shots were fired because he thought nothing would happen. An instruction on mutual combat, in any event, would do no more than reduce the offense from murder to manslaughter, which was in fact the jury finding, so that in the event this principle of law was involved under the evidence, failure to give the instruction was harmless.

5. Neither was the omission to charge involuntary manslaughter in the commission of a lawful act without due caution relevant to the facts. It is not error to refuse such a charge "where the defendant asserts that he or she acted in self-defense by use of a pistol, rifle or shotgun. The distinguishing factor between guns on the one hand, and brake sticks and knives on the other hand, is that the deadly force of a gun is known to all. A person who causes the death of another human being by the use of a gun allegedly in self-defense will not be heard to assert that although he or she used excessive force, death was not intended and the act was lawful." *Crawford v. State,* 245 Ga. 89, 94 (263 SE2d 131) (1980).

6. The exclusion over objection of testimony of certain witnesses not present at the time to the effect that the victim had twice in the past injured members of his family with a knife, even if error, was harmless where both the victim's mother and his ex-wife testified to the circumstances of the prior quarrels, they being the persons injured. "The exclusion of evidence is not harmful to the

complaining party where the same evidence is later admitted without objection, and is in no way disputed." *Robertson v. Robertson,* 90 Ga. App. 576 (6) (83 SE2d 619) (1954). Most, if not all, the rulings complained of involved hearsay testimony on the part of persons not having firsthand knowledge of these events. So far as the defendant Colvin is concerned, he was allowed to testify that the victim Williams had a reputation for using a knife in a violent manner and that this was a fact weighing on his mind at the time he shot him. This testimony meets the objection that Colvin was precluded from testifying to the jury as to his state of mind. Where the character or intention of a party is at issue his reputation in the community is provable in the manner specified by Code § 38-1804. But even where the general character of the victim is admissible, his character for violence cannot be established by specific acts. *Music v. State,* 244 Ga. 832 (262 SE2d 128) (1979); *Maynor v. State,* 241 Ga. 315, 316 (245 SE2d 268) (1978). Testimony by the victim's ex-wife to the effect that the deceased had stated that either he or Colvin was going to die, and that he had made other threats to her which she had communicated to Colvin, were in fact admitted in evidence. The evidentiary rulings of the trial court excepted to in grounds 7, 9, 10, 11, 12 and 15 are without error.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

ARGUED JUNE 4, 1980 — DECIDED SEPTEMBER 5, 1980 — REHEARING DENIED SEPTEMBER 18, 1980 —

*Dean B. Donehoo, William E. Glisson,* for appellants.
*Stephen A. Williams, District Attorney,* for appellee.