61422. HAMRICK v. THE STATE.

SOGNIER, Judge.
Appellant was convicted in the Superior Court of Murray County of burglary and theft by receiving stolen property. On appeal, he contends the trial court erred by denying his motion to quash the indictment, because he was denied his right to counsel in violation of the Sixth Amendment to the Constitution of the United States (Code Ann. § 1-806).

Appellant was indicted for the above offenses by the grand jury of Murray County on February 11, 1980. On February 10, 1980 appellant went to the Whitfield County Correctional Center, at the request of the Whitfield County sheriff, for questioning concerning burglaries in Whitfield County. Appellant denied any knowledge

of the burglaries in Whitfield County, and was not questioned about the offenses in the instant case. However, appellant contends the Whitfield County sheriff knew he was represented by an attorney (for the Murray County offenses); that he asked permission to call his attorney, and such permission was refused; and that the sheriff of Whitfield County told appellant he would be better off with a public defender than his retained attorney. Appellant contends such actions constitute a deprivation of his right to counsel in violation of the Sixth Amendment.

Any information the sheriff might have obtained was not detrimental to appellant in this case. The sheriff questioned appellant about offenses in Whitfield County which were totally unrelated to the charges in the instant case. Further, there is no indication that the sheriff's questioning of appellant had any relation to his attorney's representation of appellant in this case. Accordingly, it was not error to deny appellant's motion to quash the indictment. *Colvin v. State,* 155 Ga. App. 736, 737 (1) (272 SE2d 516) (1980).

*Judgment affirmed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED MAY 4, 1981.

Dean B. Donehoo, for appellant.
Stephen A. Williams, District Attorney, Marcus R. Morris, Assistant District Attorney, for appellee.