## 38103. DICK v. THE STATE.

HILL, Presiding Justice.

The defendant, Dennis Dick, was convicted in 1979 of the murder and armed robbery of O. C. (Red) Rider. His convictions and death sentence for murder and life sentence for armed robbery were affirmed by this court in *Dick v. State,* 246 Ga. 697 (273 SE2d 124) (1980), cert. denied 451 U. S. 976 (101 SC 2059, 68 LE2d 357).

On September 17, 1981, the defendant filed an extraordinary motion for new trial based on newly discovered evidence. The motion recited in conclusory fashion that the evidence was material, not merely cumulative or impeaching in nature and had only been recently acquired, that there was no want of diligence in acquiring it sooner, and that it would probably produce a different result in the case. The motion itself did not state what the new evidence was.

An affidavit from the defendant's attorney accompanied the motion. The affidavit stated that the attorney had agreed to represent the defendant on July 20, 1981, that on July 21, 1981, he was provided with a copy of a letter from Billy Webster, a co-conspirator, which "indicates" that the defendant had been "involuntarily drugged" on the night of the crimes, and that Webster had left the state and his whereabouts had only recently been discovered.[1] The copy of the letter from Webster was not attached to the affidavit.

The trial court refused to issue a rule nisi and denied the motion without a hearing. The defendant appeals this summary denial and the only question for our determination is whether the defendant's pleadings (the motion and the affidavit) were sufficient to require the trial court to hold a hearing on the merits of the motion.

1. At the outset, we note that there is a distinction between a motion for new trial and an extraordinary motion for new trial. A

---

[1] The evidence at defendant's trial showed that the defendant and Billy Webster and Christopher Hoerner committed the crimes. Hoerner was sentenced to life in a separate trial, *Hoerner v. State,* 246 Ga. 374 (271 SE2d 458) (1980), and Webster, who was also tried separately, was acquitted. Neither Webster nor Hoerner testified at this defendant's trial.

motion for new trial is one made "within 30 days of the entry of the judgment on the verdict, or entry of the judgment where the case was tried without a jury." Code Ann. § 70-301. An extraordinary motion for new trial is one made after the time for filing a motion for new trial has expired. See Code Ann. §§ 70-301, 70-303.[2]

"Extraordinary motions for a new trial are not favored, and a stricter rule is applied to an extraordinary motion for a new trial based on the ground of newly available evidence than to an ordinary motion on that ground." *Wallace v. State,* 205 Ga. 751 (2) (55 SE2d 145) (1949). Accord, *Music v. State,* 244 Ga. 832, 833 (262 SE2d 128) (1979). Thus, although we have held that under our Code the trial court is required to hold a hearing on a motion for new trial, *Shockley v. State,* 230 Ga. 869 (199 SE2d 791) (1973); *Foster v. State,* 230 Ga. 870 (199 SE2d 790) (1973), we have also held that an extraordinary motion for new trial which fails to show any merit may be denied without the necessity of a hearing. *Fulford v. State,* 222 Ga. 846, 847 (152 SE2d 845) (1967); *Harris v. Roan,* 119 Ga. 379 (5) (46 SE 433) (1903); see also *Sinkfield v. State,* 232 Ga. 892 (209 SE2d 188) (1974). Rubenstein v. United States, 227 F2d 638 (10th Cir. 1955), cert. denied 350 U. S. 993, cited by the defendant for the proposition that it is error to refuse a hearing on a motion based on newly discovered evidence, dealt with a motion which alleged facts sufficient to state a claim for relief and, therefore, is inapposite.

2. There being no statutory requirements as to extraordinary motions for new trial (see fn. 2), the procedural requirements for such motions are the product of case law. These procedural requirements have not been modified by the notice pleading provisions of the Civil Practice Act, Code Ann. § 81A-108, because the CPA is not applicable to criminal cases. See *Jordan v. State,* 247 Ga. 328, 331 (276 SE2d 224) (1981). Therefore, if the pleadings in an extraordinary motion for new trial in a criminal case do not contain a statement of *facts* sufficient to authorize that the motion be granted if the facts developed at the hearing warrant such relief, it is not error for the trial court to refuse to conduct a hearing on the extraordinary motion.

The requirements for granting an extraordinary motion for new

---

[2] There is no affirmative statutory authority in Georgia for extraordinary motions for new trial. Instead, they are authorized indirectly by Code Ann. §§ 70-301 ("[a]ll applications for new trial, except in extraordinary cases, shall be made within 30 days. . . .") and 70-303 ("[w]henever a motion for a new trial shall have been made at the term of trial in any criminal case and overruled, or when a motion for a new trial has not been made at such term, no motion for a new trial from the same verdict shall be made or received, unless the same is an extraordinary motion or case, and but one such extraordinary motion shall be made or allowed.")

trial are clear. "On [an extraordinary] motion for a new trial based on newly discovered evidence, it is incumbent on the movant to satisfy the court: (1) that the newly discovered evidence has come to his knowledge since the trial; (2) that want of due diligence was not the reason that the evidence was not acquired sooner; (3) that the evidence was so material that it would probably produce a different verdict; (4) that it is not cumulative only; (5) that the affidavit of the witness is attached to the motion or its absence accounted for; and (6) that the new evidence does not operate solely to impeach the credit of a witness. *Bell v. State,* [227 Ga. 800, 805 (183 SE2d 357) (1971)]; *Timberlake v. State,* 246 Ga. 488, 491 (271 SE2d 792) (1980)." *Tanner v. State,* 247 Ga. 438, 443 (276 SE2d 627) (1981). "Implicit in these six requirements is that the newly discovered evidence must be admissible as evidence." *Timberlake v. State,* supra, 246 Ga. at 491. An extraordinary motion for new trial and its accompanying affidavits must set forth *facts* satisfying these requirements; conclusions of counsel will not suffice. The defendant's pleadings in this case do not show facts satisfying the first, second, third or fifth requirements, or the overriding requirement that the newly discovered evidence be admissible.

We consider the first and second requirements together in this case. The attorney's affidavit states that he was provided with the Webster letter on July 21, 1981, the day after he agreed to represent the defendant. That affidavit does not contain a copy of the letter and does not set forth the date of the letter or the name of the addressee. So far as the motion and affidavit show on their face, the letter may have been known to the defendant or his previous counsel for a considerable period of time. More importantly, there is no affidavit from the defendant saying when he first learned he was "involuntarily drugged." A "mere assertion that the evidence could not have been discovered by ordinary diligence is insufficient." (Cits.) *Timberlake v. State,* supra, 246 Ga. at 492.

The third requirement is not satisfied by conclusions of counsel. While voluntary intoxication is not an excuse for criminal acts, involuntary intoxication is a defense if the defendant did not have sufficient mental capacity to distinguish between right and wrong. Code § 26-704. The evidence showed that the defendant had been drinking on the night of the crimes (246 Ga. at 697-698). Defendant's defense at trial was prolonged voluntary drunkenness causing insanity (246 Ga. at 702-703). Yet his confession and testimony at trial showed that he recalled commission of the crimes. He has failed to show on this record how the alleged consumption of drugs without his knowledge affected his voluntary behavior or would probably produce a different verdict.

The defendant's attorney's statement by affidavit that "said Billy Webster has left the State of Georgia and that his whereabouts have only been learned on this date" does not satisfy the fifth requirement, an affidavit from Webster himself or its absence accounted for. Webster might now repudiate or disavow any "indications" contained in the letter that the defendant was "involuntarily drugged." Thus, in order to insure that there were sufficient grounds upon which to base an extraordinary motion for new trial which would not be merely frivolous, the motion should have set forth facts showing the prospects for obtaining Webster's statements under oath.

Finally, the defendant's pleadings fail to show that the newly obtained evidence would be admissible as evidence if a new trial were to be granted. We repeat, Webster's letter was not included with the pleadings. Does it say that Webster slipped drugs into the defendant's drinks, or does it say that Hoerner told Webster that he (Hoerner) slipped drugs into the defendant's drinks? Thus, for all the trial judge knew the contents of the letter and any testimony from Webster would be inadmissible hearsay.

" 'It is *incumbent on a party who asks for a new trial* on the ground of newly discovered evidence *to satisfy the court ...*' as to each of the six requirements." (Cits.) *Timberlake v. State,* supra, 246 Ga. at 491, and the trial court's denial of the motion will not be reversed absent an abuse of discretion. E.g., *Drake v. State,* 248 Ga. 891 (1982); *Music v. State,* supra, 244 Ga. at 833; *Brannon v. State,* 190 Ga. 203, 205 (9 SE2d 152) (1940). In light of the defendant's failure to plead facts satisfying the six requirements, we cannot say that the trial court abused its discretion in refusing to conduct a hearing on the extraordinary motion for new trial.

3. Contrary to the defendant's contention, his due process and equal protection rights were not violated by the trial court's summary denial of his extraordinary motion for new trial when he failed to comply with the procedural requirements of state law.

4. In adhering, as we do today, to strict pleading requirements as to extraordinary motions for new trial, we are aware that this same matter may reappear on habeas corpus as an attack on the effectiveness of counsel, and that judicial economy might suggest that a hearing be required on all extraordinary motions for new trial. However, in order to prevail on habeas corpus it will be necessary to show that counsel was able to plead sufficient facts so as to prevail; i.e., it will be necessary to show that a new trial based on newly discovered evidence was warranted. Moreover, if we were to adopt a notice pleading approach to extraordinary motions with a hearing required in each instance, the penalty of death could be postponed

simply by a conclusory motion alleging newly discovered evidence filed at the last minute, thereby necessitating a hearing and postponement of the carrying out of the sentence. Therefore, strict pleading will continue to be required so that the judge to whom the motion is presented can readily ascertain whether a new trial based on newly discovered evidence is warranted or unwarranted.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 9, 1982.

*Thomas J. McHugh,* for appellant.

*Jeff C. Wayne, District Attorney, Michael J. Bowers, Attorney General,* for appellee.