### 74154. PEARSON v. THE STATE.
(355 SE2d 470)

BANKE, Presiding Judge.

The appellant was convicted of kidnapping, cruelty to children, aggravated assault, aggravated child molestation, and four counts of rape, all involving the same victim and arising from the same series of events. He was also convicted of possession of cocaine and possession of a firearm by a convicted felon. On appeal, he contends that the evidence was insufficient to support any of the convictions and that he received ineffective representation from his retained trial counsel. *Held:*

1. From our review of the record, we are convinced that the evidence presented at trial was sufficient to enable a rational trier of fact to find the appellant guilty beyond a reasonable doubt of each and every one of the 10 charges of which he was convicted. See generally *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The appellant contends that he could not have received effective assistance from his retained trial attorney because, by the time of

trial, he had come to mistrust and lack confidence in the attorney, thus giving rise to a situation incompatible with the existence of an effective attorney-client relationship. More specifically, the appellant asserts: "[T]he trial attorney asked extremely few questions of most of the witnesses (none of the victim); . . . a change of venue motion was not pursued; . . . exceptions to the court's charge to the jury were not reserved; and . . . no evidence was presented on appellant's behalf at sentencing. Although these points, in themselves do not reveal ineffective counsel, they do tend to illumine appellant's claim that he had no faith in his attorney."

An examination of the record and transcript reveals that the appellant's trial counsel pursued numerous pretrial motions in the case, including a successful motion for the severance of certain charges originally set forth in the indictment. At the hearing on the motion for new trial, counsel testified that he had obtained "complete and comprehensive" discovery from the state, including information that the state was not obligated by law to provide him. He further testified that he had interviewed all the potential witnesses suggested to him by the appellant and had considered all potential avenues of defense made known to him by the appellant, including the possibility "that there was . . . somebody putting something in his water. . . ." Counsel additionally revealed that he had explored the possibility of an insanity defense by arranging for the appellant to undergo a psychiatric examination but that the report submitted by the psychiatrist had not been supportive of such a defense.

With regard to his contention that counsel failed to conduct an adequate cross-examination of the state's witnesses, we note that the appellant has not suggested the existence of any additional areas of inquiry which might have benefited him had they been pursued at trial. With regard to counsel's failure to conduct any cross-examination of the victim, it is apparent from counsel's testimony that this was a matter of trial strategy which was discussed in advance with the appellant and to which the appellant assented.

With regard to the appellant's contention that counsel was remiss in not seeking a change in venue, the record reveals that a motion for change in venue was in fact filed but that consideration of the motion was reserved pending completion of the voir dire, at which time, based on the responses of the prospective jurors to the questions asked of them on voir dire, counsel abandoned the motion. There has been no suggestion that a qualified panel of jurors was not in fact available to try the case, nor any showing that a change in venue was otherwise mandated in the case.

With regard to the appellant's complaint that no exceptions were reserved to the jury's charge, we note that no portion of the court's charge is asserted on appeal to have been erroneous. Similarly, with

regard to the appellant's complaint that no mitigating evidence was introduced in his behalf at the sentencing hearing, there has been no showing on appeal that any mitigating evidence existed which could have been introduced at the sentencing hearing. Cf. *Cook v. State*, 255 Ga. 565 (17) (g) (340 SE2d 843) (1986).

"The accepted standard regarding ineffective assistance of counsel is 'not errorless counsel and not counsel judged ineffective by hindsight, but counsel . . . rendering reasonably effective assistance.' " *Pugh v. State*, 250 Ga. 668, 670 (2) (300 SE2d 504) (1983). See also *Hawes v. State*, 240 Ga. 327, 329 (240 SE2d 833) (1977); *Lipsey v. State*, 170 Ga. App. 770 (5) (318 SE2d 184) (1984). We have no hesitancy in holding that this standard was met in the present case. The appellant's convictions clearly did not result from any deficiency on the part of his trial counsel but from the overwhelming evidence of his guilt.

*Judgment affirmed. Carley and Benham, JJ., concur.*

DECIDED MARCH 18, 1987.

*Carl P. Greenberg*, for appellant.

*Robert E. Wilson, District Attorney, Barbara B. Conroy, Albert D. Frasier, Assistant District Attorneys*, for appellee.