S07W1642. DAVIS v. THE STATE.
(651 SE2d 10)

ORDER OF THE COURT.

Upon consideration of Davis's application for discretionary appeal from the denial of his extraordinary motion for new trial, the same is hereby granted. As the recent order of the Georgia Board of Pardons and Paroles suspending Davis's execution has rendered his motion to stay execution moot, it is hereby dismissed.

The premature notice of appeal filed on July 17, 2007, pursuant to which the record has been transmitted to this Court, is deemed to have ripened upon the grant of this Application.

*All the Justices concur, except Carley, Hines, and Melton, JJ., who dissent.*

CARLEY, Justice, dissenting.

Because the majority has seen fit to grant Davis' discretionary application, I cannot and will not address the underlying merits of the forthcoming appeal. However, I must dissent to today's order, because to do otherwise would require that I join the majority in what I perceive to be its complete disregard of the controlling standards for granting such an appeal as set forth in this Court's Rule 34. I find that disregard to be particularly objectionable where, as here, the discretionary appeal authorized by the majority will prolong an already extremely protracted judicial process.

That process began 18 years ago when the jury found, beyond a reasonable doubt, that Troy Anthony Davis murdered police officer Mark Allen McPhail. It is now more than 14 years since this Court unanimously affirmed Davis' conviction and sentence of death. *Davis v. State*, 263 Ga. 5 (426 SE2d 844) (1993). More than five and one-half years have passed since state habeas proceedings were completed and reviewed by this Court, and a writ of certiorari from the Supreme Court of the United States was denied. *Davis v. Turpin*, 273 Ga. 244 (539 SE2d 129) (2000), cert. denied, 534 U. S. 842 (122 SC 100, 151 LE2d 59) (2001). Thereafter, the federal district court denied a habeas petition, the United States Court of Appeals affirmed and denied rehearing en banc, and the Supreme Court recently denied certiorari. *Davis v. Terry*, 465 F3d 1249, 1251 (11th Cir. 2006), reh.

denied, 219 Fed. Appx. 975 (2006), cert. denied, 2007 WL 1222257 (2007). Only after a window for the carrying out of the death sentence was set for July 17-24, 2007, did Davis finally file an extraordinary motion for new trial on the ground of newly discovered evidence. The trial court denied that motion without conducting an evidentiary hearing, and Davis sought review by discretionary appeal on July 16. See OCGA § 5-6-35 (a) (7); *Crawford v. State*, 278 Ga. 95, 96 (1) (597 SE2d 403) (2004). At the earliest, the discretionary appeal that is granted today by the majority's order will be docketed and argued during the September 2007 term and may not be decided until the end of the January 2008 term.

On the same day that he applied for a discretionary appeal, Davis also filed an application for commutation of his death sentence with the Board of Pardons and Paroles, which suspended execution of the sentence for 90 days or until it lifts the suspension. See Ga. Const. of 1983, Art. IV, Sec. II, Par. II (d). However, the pendency of Davis' application for commutation of the death sentence in the executive branch does not and cannot in any way affect our decision on his application for discretionary appeal. The application seeks permission to appeal from the denial of an extraordinary motion for new trial, which motion relates to the underlying murder conviction itself. Obviously, Davis' conviction is an entirely separate and distinct consideration from the commutation of his death sentence. This Court's grant of a discretionary appeal certainly does not preserve the status quo and, in fact, will likely alter it. If the Board of Pardons and Paroles postpones its consideration of the application for commutation until such time as this Court addresses and resolves the more fundamental judicial proceedings with respect to Davis' conviction, then this Court's grant of the discretionary application will have altered the status quo by obviating the Board's pending review of the clemency petition. Furthermore, the grant of a discretionary appeal is not necessary to preserve the status quo in any other regard. Davis does not face imminent execution. The execution window has now closed and, if this Court affirms the trial court's denial of the extraordinary motion for new trial, and the Board lifts its stay, a new window would have to be set, and Davis would doubtless file a successive state habeas petition, which he has not yet done.

Moreover, although an execution may be stayed during the pendency of a granted discretionary appeal, preservation of the status quo is not one of the recognized grounds upon which to base the initial determination of whether to grant a discretionary appeal. Instead, an application for leave to appeal pursuant to "OCGA § 5-6-35 shall be granted when: (1) Reversible error appears to exist; (2) The establishment of a precedent is desirable; or (3) Further development of the common law ... is desirable." Supreme Court Rule

34. A review of Davis' application clearly shows that none of those standards is even arguably met.

The precedent relating to extraordinary motions for new trial is extensive and clear. In a thorough and comprehensive order, the trial court relied on that precedent, setting forth the well established sixfold requirement of *Timberlake v. State*, 246 Ga. 488, 491 (1) (271 SE2d 792) (1980), applying that test to each category of affidavit attached to the extraordinary motion, and specifically examining certain of the affidavits in some detail. A trial court's denial of a motion for new trial based on newly discovered evidence "will not be reversed unless it affirmatively appears that the court abused its discretion. [Cit.]" *Young v. State*, 269 Ga. 490, 491-492 (2) (500 SE2d 583) (1998).

> Such motions " 'are not favored, and a stricter rule is applied to an extraordinary motion for a new trial based on the ground of newly available evidence than to an ordinary motion on that ground.' " [Cit.] ... Failure to show one [of the six] requirement[s] is sufficient to deny the motion.

*Crowe v. State*, 265 Ga. 582, 590-591 (15) (458 SE2d 799) (1995).

> There being no statutory requirements as to extraordinary motions for new trial . . . , the procedural requirements for such motions are the product of case law. These procedural requirements have not been modified by the notice pleading provisions of the Civil Practice Act, [OCGA § 9-11-8], because the CPA is not applicable to criminal cases. [Cit.] Therefore, if the pleadings in an extraordinary motion for new trial in a criminal case do not contain a statement of *facts* sufficient to authorize that the motion be granted if the facts developed at the hearing warrant such relief, it is not error for the trial court to refuse to conduct a hearing on the extraordinary motion. . . . An extraordinary motion for new trial and its accompanying affidavits must set forth *facts* satisfying [each of the six] requirements; conclusions of counsel will not suffice. (Emphasis in original.)

*Dick v. State*, 248 Ga. 898, 899 (2) (287 SE2d 11) (1982). If the basis for granting this discretionary appeal is the majority's intention

> to adopt a notice pleading approach to extraordinary motions with a hearing required in each instance, the penalty of death could be postponed simply by a conclusory motion alleging newly discovered evidence filed at the last minute,

thereby necessitating a hearing and postponement of the carrying out of the sentence.

*Dick v. State*, supra at 901-902 (4).

The application for discretionary appeal has not made the prescribed showing that reversible error appears to exist, and the establishment of a precedent, as well as further development of the common law, is totally unnecessary. Although I am mindful of the admonition in many appellate opinions that "death is different," our scope of review in this case is no different than it is with regard to any other application to appeal the denial of an extraordinary motion for new trial. Therefore, under the controlling authority of this Court's Rule 34, as informed by *Timberlake* and *Dick*, the only justifiable disposition of the application is denial.

ORDERED AUGUST 3, 2007.

*Thomas H. Dunn*, for appellant.

*Spencer Lawton, Jr., District Attorney, David T. Lock, Assistant District Attorney, Thurbert E. Baker, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General*, for appellee.