**SECOND DIVISION**
**MILLER, P. J.,**
**MERCIER, J., and SENIOR APPELLATE JUDGE PHIPPS.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**March 1, 2021**

# In the Court of Appeals of Georgia

A20A1930. BOWMAN v. THE STATE.

PHIPPS, Senior Appellate Judge.

Lamar Bowman, pro se, appeals from the denial of a "Motion to Vacate Void Sentence and Grant a Hearing to Withdraw Plea, and Motion for Pro Bono Counsel" that he filed following the entry of his guilty plea to home invasion and 18 other offenses. The State has filed a motion to dismiss the appeal, arguing that Bowman's untimely notice of appeal deprives this Court of jurisdiction. For the following reasons, we conclude that jurisdiction is proper and affirm the judgment of the trial court because Bowman's brief fails to comply with this Court's rules in fatal ways.

The record shows that in January 2018, Bowman pled guilty to home invasion and other crimes. On May 2, 2019, Bowman filed a pro se "Motion For Pro Bono Attorney." Before the trial court ruled on that motion, Bowman filed another motion

on June 7, 2019, captioned as a "Motion to Vacate Void Sentence and Grant a Hearing to Withdraw Plea, and Motion for Pro Bono Counsel." On July 16, 2019, the trial court issued an order denying Bowman's May 2, 2019 motion for pro bono attorney. Approximately four months later, on November 15, 2019, Bowman filed a notice of appeal indicating he was appealing from the judgment denying his motion to vacate void sentence and pro bono attorney entered on July 16, 2019. However, a written order on Bowman's June 7, 2019 motion was not entered until May 26, 2020, after Bowman filed his November 2019 notice of appeal. The May 26, 2020 order was entitled, "Order Denying Defendant's Motion to Vacate Void Sentence and for Pro Bono Counsel and Order Dismissing Motion to Grant a Hearing to Withdraw Plea." Following the entry of that order, the record in this case was transferred to this Court.

1. The State has filed a motion to dismiss the appeal, asserting that Bowman's November 15, 2019 notice of appeal was untimely. Although the notice of appeal was untimely from the July 16, 2019 order, it "ripened" when the May 20, 2020 order was filed. We therefore deny the State's motion.

Pursuant to OCGA § 5-6-38 (a), a notice of appeal must be filed within 30 days of the order sought to be appealed, and "a timely-filed notice of appeal is a

2

jurisdictional prerequisite to a valid appeal." *Henderson v. State*, 265 Ga. 317, 317 (1) (454 SE2d 458) (1995); accord *Rowland v. State*, 264 Ga. 872, 872 (1) (452 SE2d 756) (1995).

At the same time, it is the public policy of this State to consider cases on the merits whenever possible. See OCGA § 5-6-30 ("[T]his article shall be liberally construed so as to bring about a decision on the merits of every case appealed and to avoid dismissal of any case or refusal to consider any points raised therein, except as may be specifically referred to in this article."); see also *Livingston v. State*, 221 Ga. App. 563, 564 (1) (472 SE2d 317) (1996) (It is this State's public policy to bring about a decision on the merits of criminal cases.).

Bowman's November 15, 2019 notice of appeal was untimely filed 122 days after the July 16, 2019 order denying his motion for counsel.[1] However, even though Bowman's November 15, 2019 notice of appeal indicates he is appealing from the July 16, 2019 order, it also indicates that he is appealing from the denial of his "motion to vacate void sentence [and] pro bono [attorney.]" That motion was still pending in the trial court at the time Bowman filed his notice of appeal. An order on

---

[1] A final decision refusing to appoint post-conviction counsel is generally directly appealable. See *Pierce v. State*, 289 Ga. 893, 894 (1) (717 SE2d 202) (2011).

that motion was not entered until May 26, 2020. We conclude that Bowman's notice of appeal ripened upon the filing of the May 26, 2020 order.

The concept of a notice of appeal ripening is well established in the context of appeals from criminal convictions and motions for new trial. See, e.g., *McCulley v. State*, 273 Ga. 40, 43 (4) n.3 (537 SE2d 340) (2000) (premature notice of appeal ripened upon filing of defendant's sentence); *Betha v. State*, 208 Ga. App. 802, 803 (432 SE2d 242) (1993) (notice of appeal filed prior to trial court's ruling on motion for new trial ripened upon filing of order); *Langston v. State*, 202 Ga. App. 431, 432 (1) (414 SE2d 676) (1992) (noting that premature filing of a notice of appeal "is not a ground of dismissal in criminal cases, at least insofar as a criminal defendant is concerned") (citation and punctuation omitted). The doctrine has also been applied in other contexts in criminal cases.[2] See, e.g., *Berrien v. State*, 300 Ga. 489, 491 (1)

---

[2] In addition, the doctrine of ripening has been employed broadly in civil cases. See, e.g., *Gillen v. Bostick*, 234 Ga. 308, 309-311 (1) (215 SE2d 676) (1975) (notice of appeal filed prior to contempt order involving child support ripened upon entry of judgment); *Wellman v. JP Morgan Chase Bank, N.A.*, 347 Ga. App. 118, 118, n.1 (817 SE2d 567) (2018) (previously filed notice of appeal ripened upon entry of written order dismissing complaint); *Woodgrain Millwork v. Millender*, 250 Ga. App. 204, 207 (1) (b) (551 SE2d 78) (2001) (prematurely filed workers' compensation claim ripened upon expiration of statutory six-month waiting period); *Wilson v. Southern R. Co.*, 208 Ga. App. 598, 599-600 (1) (431 SE2d 383) (1993) (premature notice of appeal filed ripened upon entry of written orders granting directed verdict).

& n.2 (796 SE2d 718) (2017) (untimely notice of appeal from judgment of conviction and order denying motion to withdraw a guilty plea ripened when trial court entered its order granting defendant an out-of-time appeal); *Davis v. State*, 282 Ga. 368, 368 (651 SE2d 10) (2007) (premature notice of appeal ripened upon the grant of an application for discretionary appeal).

Based on the broad applicability of the ripening doctrine and our mandate to liberally construe statutes so as to bring about a decision on the merits of a case whenever possible, we find that Bowman's notice of appeal ripened when the trial court entered its May 26, 2020 order denying his motion to vacate a void sentence, for a hearing, and for a pro bono attorney. Accordingly, the appeal is timely and the State's motion to dismiss is denied.

2. Although we have jurisdiction over this appeal, Bowman's brief fails to comply with this Court's rules such that his purported enumerations of error are deemed abandoned.

Bowman's brief begins with a procedural history of the case. The next section is titled "Statement of Facts" but merely contains a numbered list of four sentences. Neither of these first two sections contains a single citation to "the parts of the record or transcript essential to a consideration of the errors[.]" Court of Appeals Rule 25 (a)

(1). Nor does the brief contain "a statement of the method by which each enumeration of error was preserved for consideration." Id.

Bowman labels the final section of his brief as "Argument and Citation of Authority." Bowman begins this section by essentially listing three short claims of error, each containing one or two citations to basic legal principles. But, "mere conclusory statements are not the type of meaningful argument contemplated by our rules." *Brittain v. State*, 329 Ga. App. 689, 704 (4) (a) (766 SE2d 106) (2014) (citations and punctuation omitted). See also *Swain v. State*, 268 Ga. App. 135, 136 (1) (601 SE2d 491) (2004) ("An assertion of error followed by a case citation is not legal analysis which is, at a minimum, a discussion of the appropriate law as applied to the relevant facts.") (citation and punctuation omitted). In a fourth alleged error, Bowman provides a lengthier discussion on a claim of ineffective assistance of counsel. Again, however, this argument contains no citations to the record despite Bowman's numerous factual assertions. It also does not contain any meaningful argument supported by citation to authority. Here too, Bowman only cites to general legal principles and includes no discussion of the law as it applies to the facts of his case.

While we are aware that Bowman is proceeding pro se, this Court repeatedly has held that

> [p]roceeding pro se does not relieve [a party] of his obligation to comply with the rules of this Court. Our requirements as to the form of appellate briefs were created, not to provide an obstacle, but to aid parties in presenting their arguments in a manner most likely to be fully and efficiently comprehended by this Court.

*Goodman v. State,* 313 Ga. App. 290, 291 (717 SE2d 496) (2011) (citation and punctuation omitted). Indeed, this Court has recognized that

> [b]riefs that do not conform to the rules regarding enumerations of error, structure of briefs, argument, or citation of authorities, as [Bowman's] fails to do, are not merely an inconvenience or grounds for refusing to consider a party's contentions. Such briefs hinder this court in determining the substance and basis of an appellant's contentions both in fact and in law and may well prejudice an appellant's appeal regardless of the amount of leniency shown.

*Salazar v. State,* 256 Ga. App. 50, 50 (567 SE2d 706) (2002).

Under our rules, "[a]ny enumeration of error that is not supported in the brief by citation of authority or argument may be deemed abandoned." Court of Appeals Rule 25 (c) (2). Here, Bowman's brief is wholly inadequate and his failure to comply with this Court's rules precludes us from ascertaining his arguments or determining

7

whether the trial court ruled on and considered them below. His arguments are thus deemed abandoned pursuant to Court of Appeals Rule 25 (c) (2), and we affirm the judgment of the trial court. See *Walker-Carter v. State,* 291 Ga. App. 362, 363 (662 SE2d 220) (2008). Accord *Brown v. State,* 313 Ga. App. 714, 715 (722 SE2d 439) (2012).

*Judgment affirmed. Miller, P. J., and Mercier, J., concur*.